NOT DESIGNATED FOR PUBLICATION

No. 127,409

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICHIE L. JOHNSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Submitted without oral argument. Opinion filed August 22, 2025. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., MALONE and HURST, JJ.

PER CURIAM: This is Richie Johnson's appeal of the revocation of his probation and the resulting imposition of his prison sentence. The record reveals that Johnson has repeatedly violated his probation and as a result has served several jail sanctions. He has been given several chances at drug treatment but continues to relapse. He failed at probation. Therefore, we find no abuse of discretion by the district court in revoking Johnson's probation and ordering him to serve his original sentence.

Johnson pled guilty to possession of an opiate and fleeing or attempting to elude an officer. These crimes occurred in June 2020. Two months later, the district court sentenced Johnson to 49 months in prison. The court granted his motion for a dispositional departure to probation for 12 months because Johnson said he was willing to complete drug treatment. Accordingly, as conditions of probation, Johnson was ordered to obey all directives of his probation officer; obey the law; not possess, use, or consume drugs without a prescription; and gain and maintain full-time employment.

*Johnson failed to follow the rules of his probation.*

From the start, in November 2022, Johnson failed to report to his supervising officer for a scheduled office visit. The district court ordered Johnson to serve a three-day quick dip jail sanction and restarted his probation term. The court told Johnson that this was his last opportunity to stay on probation.

Then, in January 2023, Johnson admitted that he violated his probation by testing positive for using methamphetamine. He consented to serve another three-day jail sanction.

A month later, in February 2023, Johnson again tested positive for the use of methamphetamine. He also violated his probation by failing to gain full-time employment. Johnson asked for another chance at probation, telling the district court that he was in intensive outpatient drug treatment and had just obtained his dream job. Instead of sending him to prison, the court ordered him to serve 60 days in jail as a sanction and extended his probation for an additional 12 months.

In the end, in January 2024, the State obtained an arrest warrant after alleging Johnson violated his probation by committing the crimes of driving while his license was suspended, possession of methamphetamine, and possession of drug paraphernalia.

Johnson admitted to these allegations and told the district court he was struggling with his methamphetamine addiction. He did tell the court that because he had a newborn at home, he was taking seriously the need to get a handle on his addiction. He asked the court to give him an opportunity at a residential treatment facility.

The district court found that Johnson violated the conditions of his probation and therefore revoked his probation and ordered him to serve his original sentence. The court stated it had already given Johnson the opportunity he asked for, but he squandered it. The court found that Johnson was not amenable to probation and had committed new crimes. The court denied Johnson's request for a sentence modification because he had continually violated his probation.

To us, Johnson argues the district court's decision to revoke his probation and impose his original sentence was unreasonable because
- he had admitted responsibility,
- he needed treatment for his drug addiction, and
- his violations did not involve harm to another person.

He suggests the court could have placed him at a residential facility, which would have provided structure and opportunity for rehabilitation.

Once a probation violation is established, a district court has discretion to revoke probation and impose the original sentence unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see K.S.A. 22-3716.

We find no abuse of discretion by the district court. Johnson admitted to violating his probation by committing the crimes of driving while his license was suspended, possession of methamphetamine, and possession of drug paraphernalia while on probation. The district court had the legal authority to revoke Johnson's probation because the district court had previously imposed a three-day jail sanction, Johnson

3

received probation as the result of a dispositional departure, and he committed new crimes while on probation. See K.S.A. 22-3716(c)(1)(C), (c)(7)(B)-(C).

A reasonable person could agree with the district court's decision to revoke Johnson's probation and order the original sentence because Johnson had already been given numerous chances to remain on probation and complete drug treatment. Johnson repeatedly violated his probation. Enough is enough. At previous violation hearings, Johnson told the court he was committed to drug treatment. The court warned him that it was his last chance, yet Johnson continued to use drugs.

Affirmed.